# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO. 19-cv-00637-CEM-LRH

ESPRIT STONES PRIVATE LIMITED,
a foreign business entity incorporated in India,

    *Plaintiff*,

vs.

RIO STONE GROUP INC d/b/a
UNITED SLAB, a Florida For-Profit Corporation;
BANK OF AMERICA, N.A.,

    *Defendants*.
_____/

## FIRST AMENDED COMPLAINT[1]

Plaintiff, ESPRIT STONES PRIVATE LIMITED (hereinafter referred to as "Plaintiff" or "ESPRIT"), a foreign business entity, hereby brings this Complaint against Defendants, RIO STONE GROUP INC d/b/a UNITED SLAB ("RIO STONE"), a Florida For-Profit Corporation, and BANK OF AMERICA, N.A., and alleges as follows:

## PARTIES

1. Plaintiff, ESPRIT, is a foreign business entity with its principal place of business located at SP-1, Udyog Vihar, Sukher Industrial Are, Udaipar-313004, Rajasthan, India.

2. Defendant, RIO STONE, is a Florida Corporation with a principal place of business at 3600 Silver Star Road, Orlando, Florida, and a showroom located at 1667 West 32nd Place, Hialeah, FL 33012.

---

[1] Filed as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(2), and in compliance with Local Rule 4.01.

3. Defendant, BANK OF AMERICA, N.A., is a national banking association with its principal place of business in Charlotte, North Carolina. At all times relevant to this Complaint, Bank of America was authorized to conduct business in the State of Florida.

## JURISDICTION AND VENUE

4. Plaintiff invokes the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the subject matter in controversy exceeds $75,000.00 exclusive of interest, attorney's fees, and costs.

5. Venue is proper in the Middle District pursuant to 28 U.S.C. § 1399(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

6. Defendant BANK OF AMERICA, N.A. is subject to personal jurisdiction in the Middle District of Florida pursuant to Florida Statutes § 48.193 by virtue of, at all relevant times, operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

## FACTS IN SUPPORT OF CLAIMS

7. ESPRIT is in the business of manufacturing, selling, and exporting high-end quartz surfaces for use in luxury residential and commercial countertops, among other things.

8. RIO STONE is a U.S. wholesale supplier of granite, marble, quartz, natural stone, and artificial stone slabs.

9. RIO STONE imports a portion of its quartz inventory from overseas in order to stock and sell the inventory in this jurisdiction.

10. In early 2018, RIO STONE began purchasing some of its quartz slabs from ESPRIT.

11. RIO STONE and ESPRIT primarily used WhatsApp as their preferred method of communication, including but not limited to:

   a. placing orders;

   b. settling terms;

   c. furnishing feedback; and

   d. coordinating meetings.

12. In early 2018, RIO STONE began purchasing some of its quartz slabs from ESPRIT. *See* Paid Invoices, attached hereto as **Composite Exhibit "A"**.

13. In May of 2018—due to the burden on ESPRIT stemming from RIO STONE'S propensity to pay invoices late—ESPRIT proposed that future transactions should be governed pursuant to a "document against payment" arrangement ("DAP Arrangement"), whereby RIO STONE would pay in full the invoice presented and delivered through BANK OF AMERICA, N.A. in exchange for Shipping Documents for Goods ("Shipping Documents"), a usual and customary method of payment in international trade.

14. Pursuant to the DAP Arrangement, BANK OF AMERICA, N.A., was not to release the Shipping Documents to RIO STONE until and unless payment in full was received.

15. On May 31, 2018, RIO STONE agreed to the DAP Arrangement and forwarded the information to its banking institution, BANK OF AMERICA, N.A., at a branch located at 10201 W. Colonial Dr., Ocoee, FL.

16. Between June of 2018 through July of 2018, RIO STONE ordered and paid for several containers in accordance with the DAP arrangement. *See* June 14, 2018 WhatsApp Screenshot Payment of Confirmation, attached hereto as **Exhibit "B"**.

17. On July 19, 2018, RIO STONE advised ESPRIT that the next five (5) containers should be dedicated to exotic-colored quartz slabs.

Trembly Law Firm – 9700 S. Dixie Highway, Penthouse 1100 – Miami, Florida 33156
Ph. (305) 431-5678 - www.tremblylaw.com

18. On July 27, 2018, RIO STONE advised ESPRIT that future documents against payments should be sent to RIO STONE'S new BANK OF AMERICA, N.A. branch located at 7105 Silver Star Road, Orlando, FL, to the attention of Fatima Doiny, branch manager.

19. From August 11, 2018 through September 18, 2018, ESPRIT loaded and shipped six (6) containers of quartz (hereinafter "Quartz Containers") as requested by RIO STONE. *See* Six (6) Bills of Exchange, Export Invoices, Packing Lists, and Bills of Lading, attached hereto as **Composite Exhibit "C"**.

20. The six (6) Export Invoices bore RIO STONE'S name and the total amount was for 178,997.89 USD. *See* **Composite Exhibit "C"**.

21. On October 14, 15, and 24th of 2018, Karnataka Bank Ltd. (remitting bank) dispatched the Bills of Exchange, Export Invoices, Packing Lists, Bills of Lading, all together with drafts (collectively the "Documents Accompanying Draft") to BANK OF AMERICA, N.A. (collecting bank) for the shipment of the Quartz Containers. *See* Documents Accompanying Draft, attached hereto as **Composite Exhibit "D"**.

22. BANK OF AMERICA, N.A. received the DHL parcels containing the Documents Accompanying Draft on October 16, 19, and 25th, respectively. *See* **Composite Exhibit "D"**.

23. The Documents Accompanying Draft contained the following specific, express, and unambiguous written instructions:

| TENOR | DRAWER | DRAWEE |
|---|---|---|
| At Sight | ESPRIT STONES PVT LTD<br>SP1 UDYOG VIHAR<br>SUKHER INDUSTRIAL AREA<br>UDAIPUR<br>INDIA | RIO STONE GROUP DBA UNITED S<br>3600 SILVER STAR ROAD<br>ORLANDO -FL 32808<br>USA<br>UNITED STATES OF AMERICA |

> Please be guided by the following Instructions
> 1. Deliver the documents against payment
> 2. Advice payment by cable/Air mail
> 3. All your charges from drawee/Donot waive charges
> 4. Advice dishonour by cable/Air mail (Reasons)
> 5. Protest for non-payment/non-acceptance promptly under advice to us

*See* **Composite Exhibit "D"**.

24. The terms and conditions contained in each of the Export Invoices additionally confirmed that the terms were for "DOCUMENT AT SIGHT THROUGH BANK." *See* **Composite Exhibit "D"**.

25. In addition, the Draft contained unambiguous language stating that "[t]his presentation is subject to the Uniform Rules for Collection ICC Publication No. 522." *See* **Composite Exhibit "D"**.

26. Notwithstanding the specific, express, and unambiguous written instructions within the Draft, BANK OF AMERICA, N.A. released the Bills of Lading to RIO STONE without collecting the payments for the same. *See* **Composite Exhibit "D"**.

27. Thereafter, during October and November of 2018, RIO STONE presented the Bills of Lading at the port and took possession of the Quartz Containers.

28. To date, RIO STONE has failed to remit any payment for the Quartz Containers and has ignored all attempts for collection of payment.

29. On November 15, 2018, RIO STONE'S agent wrote to ESPRIT stating that "Now it is between my bank and your bank."

30. Pursuant to ICC Uniform Rules for Collection, Publication 522 ("URC 522") and Florida Statutes §§674.503(1) and §672.514, BANK OF AMERICA, N.A., as collecting bank, is

required to act in good faith and must exercise reasonable care in presenting and collecting payments on behalf of its Principal, ESPRIT, and its remitting bank, Karnataka Bank Ltd.

31. BANK OF AMERICA, N.A. did not act in good faith and did not exercise reasonable care by disregarding the express and unambiguous written instructions by Karnataka Bank Ltd.

32. BANK OF AMERICA, N.A. did not act in good faith and did not exercise reasonable care by violating the uniform rules for collection published by the International Chamber of Commerce ("ICC"), the international standard in dealing with collections across national borders.

33. BANK OF AMERICA, N.A. did not act in good faith and did not exercise reasonable care by disregarding the express and unambiguous written instructions by Karnataka Bank Ltd. in violation of Florida Statutes §§674.503(1) and §672.514.

34. Moreover, as required by International Chamber of Commerce (ICC)'s Uniform Rules for Collections (URC) 522, BANK OF AMERICA, N.A. failed to notify ESPRIT and/or Karnataka Bank Ltd. that it could not comply with the written instructions prior to releasing the Bills of Lading.

35. Karnataka Bank Ltd. sent several urgent SWIFT communications to BANK OF AMERICA, N.A. regarding the unpaid Export Invoices.

36. BANK OF AMERICA, N.A. failed to timely respond to and/or failed to respond outright to Karnataka Bank Ltd.'s SWIFT communications.

37. On January 12, 2019, Karnataka Bank Ltd. received a parcel containing the Documents Accompanying Draft returned from BANK OF AMERICA, N.A, however, the Bills of Lading were not included in the parcel.

38. To date, BANK OF AMERICA, N.A. has failed or refused to return the full sets of Documents Accompanying Draft or make payment as demanded by ESPRIT and Karnataka Bank Ltd.

39. As of the date hereof, RIO STONE owes Plaintiff the sum of $178,997.89 USD, plus accrued interest. *See* **Composite Exhibit "C"**.

40. At all times relevant, RIO STONE did not object to the invoices for the goods sold or services rendered.

41. Plaintiff has performed all conditions precedent on its part to be performed, except when such performance was excused or rendered impossible by the conduct or breach by the Defendants.

42. Plaintiff has employed the undersigned firm to represent it in this cause and has agreed to pay a reasonable attorney's fees and costs.

## COUNT I
## NEGLIGENCE AGAINST BANK OF AMERICA, N.A.

43. Plaintiff adopts by reference, as if set out fully and completely re-alleged in this count, paragraphs 1 through 42 above.

44. At all relevant times, BANK OF AMERICA, N.A., a custodian and collecting bank, owed ESPRIT (hereinafter in this count, "Principal" or "ESPRIT") a duty of care to act prudently and reasonably in the collection process by, *inter alia*:

   a. faithfully following the written instructions from the Principal, *i.e.*, ESPRIT;

   b. complying with all of its obligations pursuant to the applicable statutes and laws;

   c. reasonably preserving the documents and releasing them only upon payment;

    d.  diligently and promptly notifying the Principal of any dishonor of the draft or nonpayment;

    e.  returning within a reasonable time the documents to Plaintiff after notice of nonpayment; and

    f.  following the established international standard governing the collection process involving the documentary draft.

45. BANK OF AMERICA, N.A. agreed to collect and distribute documents for the benefit of ESPRIT, and thus ESPRIT is considered a "customer" as that term is defined in Fla. Stat. § 674.104(1)(e).

46. A collecting bank must exercise ordinary care when presenting an item, settling for an item, and sending notice of nonpayment after learning an item has not been paid for. *See e.g.*, Fla. Stat. § 674.202(1).

47. BANK OF AMERICA, N.A. breached its duty of care to ESPRIT by:

    a.  failing and/or refusing to act reasonably in the collection process;

    b.  failing and/or refusing to follow written collection instructions of the Principal;

    c.  failing and/or refusing to collect payment before releasing shipping documents;

    d.  failing and/or refusing to follow the accepted international commercial banking collection procedures involving international trade and Documentary Drafts;

    e.  failing and/or refusing to comply with obligations pursuant to the applicable statutes and laws;

    f.  failing and/or refusing to notify Plaintiff of the nonpayment or the dishonor of the Documentary Draft; and

    g.  failing and/or refusing to take reasonable steps to protect and preserve the Shipping Documents or return the Shipping Documents.

48.     Additionally, in its capacity as collecting bank, BANK OF AMERICA, N.A. failed to exercise proper care both when it neglected to collect payment at settlement, and when it neglected to inform ESPRIT of the failure of payment.

49.     As a direct and proximate result of BANK OF AMERICA, N.A.'s breach of its duties and obligations to ESPRIT, Plaintiff suffered damages and economic losses.

**WHEREFORE**, Plaintiff, ESPRIT, hereby respectfully requests this Court enter judgment in its favor against BANK OF AMERICA, N.A. for actual damages, consequential damages, prejudgment interest, and such other relief as this Court deems just and appropriate.

## COUNT II
## BREACH OF IMPLIED CONTRACT AGAINST BANK OF AMERICA, N.A.

50.     Plaintiff adopts by reference, as if set out fully and completely re-alleged in this count, paragraphs 1 through 42 above.

51.     Pursuant to the Documents Accompanying Draft, Karnataka Bank Ltd., the remitting bank, and BANK OF AMERICA, N.A., the collecting bank, entered into an implied contract.  *See* **Composite Exhibit "D".**

52.     There is no express contract between Plaintiff and BANK OF AMERICA, N.A.

53.     The DAP Arrangement between RIO and ESPRIT established an implied contract between BANK OF AMERICA, N.A and ESPRIT.

54.     The shipping documents provided express and unambiguous terms for the contract between Karnataka Bank Ltd. and BANK OF AMERICA, N.A.

55.     Pursuant to the Documents Accompanying Draft, the clear and manifest intent was for BANK OF AMERICA, N.A. to collect payment for the benefit of ESPRIT prior to releasing the Bills of Lading.

56. BANK OF AMERICA, N.A. established a practice of accepting shipping documents, waiting for remittance of payment, and finally releasing the documents which created an implied contract to perform these actions in exchange for receiving the documents upon collection of payment.

57. BANK OF AMERICA, N.A., as custodian and collecting bank, benefitted from the transaction of importing goods for its customer. Specifically, BANK OF AMERICA, N.A. was able to collect interest on the payments it required in order to release the documents, and therefore, at all relevant times, knew that it benefitted from the transaction.

58. BANK OF AMERICA, N.A. accepted this responsibility as custodian.

59. BANK OF AMERICA, N.A. accepted this benefit.

60. BANK OF AMERICA, N.A. knew it was accepting this benefit.

61. Notwithstanding the above, BANK OF AMERICA, N.A. released the Shipping Documents to RIO STONE without collecting payment for same.

62. Accordingly, BANK OF AMERICA, N.A. breached the implied contract with Plaintiff by:

   a. failing and/or refusing to follow written collection instructions of Plaintiff and/or Karnataka Bank Ltd.;

   b. failing and/or refusing to collect payment before releasing shipping documents;

   c. failing and/or refusing to follow the accepted international commercial banking collection procedures involving international trade and Documentary Drafts;

   d. failing and/or refusing to comply with obligations pursuant to the applicable statutes and laws;

   e. failing and/or refusing to notify Karnataka Bank Ltd. and/or Plaintiff of the nonpayment or the dishonor of the Documentary Draft; and

    f. failing and/or refusing to take reasonable steps to protect and preserve the Shipping Documents or return the Shipping Documents.

63. As a direct and proximate result of BANK OF AMERICA, N.A.'s breaches of the implied contract, ESPRIT suffered damages and economic losses.

64. The circumstances indicate that it would be inequitable for BANK OF AMERICA, N.A. to retain the benefit without paying fair value for it.

**WHEREFORE**, Plaintiff, ESPRIT, hereby respectfully requests this Court enter judgment in its favor against BANK OF AMERICA, N.A. for actual damages, consequential damages, prejudgment interest, and such other relief as this Court deems just and appropriate.

**COUNT III**
**THIRD-PARTY BENEFICIARY BREACH OF CONTRACT AGAINST BANK OF AMERICA, N.A.**

65. Plaintiff adopts by reference, as if set out fully and completely re-alleged in this count, paragraphs 1 through 42 above.

66. BANK OF AMERICA, N.A. and Karnataka Bank Ltd. established a valid contract ("BK Contract"). *See* **Composite Exhibit "D"**.

67. There was clear and manifest intent of the contracting parties that the BK Contract primarily and directly benefitted ESPRIT.

68. Consistent with the BK Contract, the Bills of Lading were delivered to BANK OF AMERICA, N.A.

69. However, BANK OF AMERICA, N.A. breached the BK Contract with Karnataka Bank Ltd. by:

    a. failing and/or refusing to follow written collection instructions of Karnataka Bank Ltd.;

    b. failing and/or refusing to collect payment before releasing shipping documents;

    c. failing and/or refusing to follow the accepted international commercial banking collection procedures involving international trade and Documentary Drafts;

    d. failing and/or refusing to comply with obligations pursuant to the applicable statutes and laws;

    e. failing and/or refusing to notify Plaintiff and/or Karnataka Bank Ltd. of the nonpayment or the dishonor of the Documentary Draft; and

    f. failing and/or refusing to take reasonable steps to protect and preserve the Shipping Documents or return the Shipping Documents.

70. ESPRIT suffered damages and economic losses resulting from BANK OF AMERICA, N.A.'s breaches of the BK Contract.

**WHEREFORE,** Plaintiff, ESPRIT, hereby respectfully requests this court enter judgment in its favor against BANK OF AMERICA, N.A. for actual damages, consequential damages, prejudgment interest, and any such other relief as this court deems just and appropriate.

### COUNT IV
### BREACH OF CONTRACT AGAINST RIO STONE

71. Plaintiff adopts by reference, as if set out fully and completely re-alleged in this count, paragraphs 1 through 42 above.

72. ESPRIT and RIO STONE formed a valid contract. *See* Six (6) Export Invoices and Bills of Exchange for Quartz Containers bearing RIO STONE'S name, attached hereto as **Composite Exhibit "C"**.

73. ESPRIT performed its obligations and delivered the Quartz Containers.

74. The total amount and the agreed upon sales price for the Quartz Containers is $178,997.89 USD. *See* **Composite Exhibit "C"**.

75. On or about November 6, 2018, RIO STONE took delivery and possession of the Quartz Containers.

76. RIO STONE materially breached the contract by failing to tender payment for the Quartz Containers.

77. RIO STONE'S breach of its obligations and their agreement has caused Plaintiff damages.

**WHEREFORE**, Plaintiff, ESPRIT, hereby respectfully requests this Court enter judgment in its favor against RIO STONE for actual damages, consequential damages, prejudgment interest, attorney's fees and costs, and such other relief as this Court deems just and appropriate.

## COUNT V
## BREACH OF CONTRACT AGAINST RIO STONE
### (PURSUANT TO THE UNITED NATIONS CONVENTION ON CONTRACTS FOR THE INTERNATIONAL SALE OF GOODS)

78. Plaintiff adopts by reference, as if set out fully and completely re-alleged in this count, paragraphs 1 through 42 above.

79. Pursuant to RIO STONE'S request, Plaintiff offered specified goods to RIO STONE at specified prices. *See* **Composite Exhibit "C"**.

80. RIO STONE accepted the offer and agreed to pay Plaintiff the specified prices for the offered goods, thereby creating a contract.

81. Plaintiff then provided the offered goods to RIO STONE.

82. RIO STONE received and has enjoyed the benefits of the offered goods.

83. RIO STONE refuses to pay Plaintiff the agreed price for the goods supplied by Plaintiff.

84. RIO STONE has thus breached its contract with Plaintiff concerning those goods.

85.  RIO STONE'S breach of contract is fundamental under the United Nations Convention on Contracts for the International Sale of Goods because Plaintiff has been deprived of the agreed consideration for its performance.

86.  RIO STONE'S breach of contract has caused Plaintiff to incur monetary damages.

**WHEREFORE**, Plaintiff ESPRIT hereby respectfully requests this Court enter judgment in its favor against RIO STONE for actual damages, consequential damages, prejudgment interest, attorney's fees and costs, and such other relief as this Court deems just and appropriate.

## COUNT VI
## GOODS SOLD AND DELIVERED ON OPEN ACCOUNT AGAINST RIO STONE

87.   Plaintiff adopts by reference, as if set out fully and completely re-alleged in this count, paragraphs 1 through 42 above.

88.  ESPRIT and RIO STONE formed a valid contract. *See* Six (6) Export Invoices and Bills of Exchange bearing RIO STONE'S name attached hereto as **Composite Exhibit "C"**.

89.  The total amount and the agreed upon sales price for the Quartz Containers is $178,997.89 USD. *See* **Composite Exhibit "C"**.

90.  The contract price of $178,997.89 USD represents the agreed on sales price and/or reasonable value of the Quartz Containers delivered.

91.  On or about November 6, 2018, RIO STONE took delivery and possession of the Quartz Containers.

92.  To date, RIO STONE has failed or refused to make payment for the Quartz Containers.

**WHEREFORE**, Plaintiff ESPRIT hereby respectfully requests this Court enter judgment in its favor against RIO STONE for actual damages, consequential damages, prejudgment interest, attorney's fees and costs, and such other relief as this Court deems just and appropriate.

## COUNT VII
## ALTERNATIVELY, UNJUST ENRICHMENT AGAINST RIO STONE

93. Plaintiff adopts by reference, as if set out fully and completely re-alleged in this count, paragraphs 1 through 42 above.

94. ESPRIT conferred a benefit upon RIO STONE in the form of the Quartz Containers.

95. RIO STONE had knowledge of the benefit and took possession of the Quartz Containers.

96. RIO STONE voluntarily accepted and retained the Quartz Containers conferred.

97. The circumstances are such that it would be inequitable for RIO STONE to retain said benefits without paying the value thereof to ESPRIT.

**WHEREFORE**, Plaintiff ESPRIT hereby respectfully requests this Court enter judgment in its favor against RIO STONE for actual damages, consequential damages, prejudgment interest, and such other relief as this Court deems just and appropriate.

## COUNT VIII
## ALTERNATIVELY, QUANTUM MERUIT AGAINST RIO STONE

98. Plaintiff adopts by reference, as if set out fully and completely re-alleged in this count, paragraphs 1 through 42 above.

99. ESPRIT provided, and RIO STONE assented to and received a benefit in the form of the Quartz Containers tendered to RIO STONE.

100. The circumstances surrounding RIO STONE'S use of and benefit of the Quartz Containers were such that in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it.

101. ESPRIT is entitled to the reasonable value of posing for Quartz Containers which are being used to further the sales of RIO STONE.

102. To date, RIO STONE has failed and/or refused to pay ESPRIT an amount customarily due for the benefits received.

103. As a direct and proximate result of RIO STONE'S conduct, ESPRIT has been damaged and seeks recovery on the quantum meruit.

**WHEREFORE**, Plaintiff ESPRIT hereby respectfully requests this Court enter judgment in its favor against RIO STONE for actual damages, consequential damages, prejudgment interest, and such other relief as this Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully Submitted,

**TREMBLY LAW FIRM**
*Counsel for Plaintiff*
9700 South Dixie Highway, PH 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: christian@tremblylaw.com
E-Mail: david@tremblylaw.com
E-Mail: service@tremblylaw.com

By: /s/ Christian E. Rodriguez
    **Christian E. Rodriguez**
    Florida Bar No. 83405
    **David E. Wolff, Esq.**
    Florida Bar No. 105653

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of June, 2019, a true and correct copy of the foregoing has been filed with the Clerk of the Court of the U.S. District Court via CM/ECF, and that a copy of the foregoing was served via CM/ECF on Marc T. Parrino, Esq., mtp@lgplaw.com, Sahily Serradet, Esq., ss@lgplaw.com, and Alex Finch, Esq., afinchlegal@gmail.com and afinchlaw@aol.com.

By: /s/ Christian E. Rodriguez
    **Christian E. Rodriguez, Esq.**