IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ESPRIT STONES PRIVATE LIMITED,                CASE NO: 6:19-cv-00637-CEM-LRH
A foreign business entity incorporated in India,

                                              JURY TRIAL DEMANDED

                 Plaintiff,

vs.

RIO STONE GROUP, INC.,
a Florida for-profit corporation,
BANK OF AMERICA, N.A.,

                 Defendants.
_____/

## DEFENDANT'S, RIO STONE GROUP, INC'S., ANSWER TO
## FIRST-AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, RIO STONE GROUP, INC ("RIO"), files its Answer to the First-Amended

Complaint [Doc. 29] and Affirmative Defenses and says:

### ANSWER

RIO answers the correspondingly numbered paragraphs of the First-Amended Complaint

[Doc. 29] and says:

1.      No response is required since the allegations of this paragraph are not directed

toward RIO.   Alternatively, without knowledge and, therefore, denied.

2.      Admitted in part and denied in part.   The principle place of business is admitted.

The remainder of the allegation is denied.

3.      No response is required since the allegations of this paragraph are not directed

toward RIO.   Alternatively, without knowledge and, therefore, denied.

4.      Admitted in part and denied in part.   RIO admits diversity of citizenship but denies

damages to ESPRIT.

1

5.      Admitted.

6.      No response is required since the allegations of this paragraph are not directed toward RIO.   Alternatively, without knowledge and, therefore, denied.

7.      Admitted in part and denied in part. Admitted that ESPRIT manufactures construction materials.   Denied that ESPRIT produces natural quartz.

8.      Admitted.

9.      Admitted.

10.      Admitted in part and denied in part.  Admitted that RIO began purchasing man-made quartz from ESPRIT.   Denied that RIO purchased natural quartz.

11.      Admitted in part and denied in part.   Admitted that RIO and ESPRIT representatives communicated in part via "Whats App".   The remaining allegation are denied.

12.      Admitted in part and denied in part. Admitted that in early 2018 RIO began buying man-made quartz from ESPRIT.   The remaining allegations are denied.

13.      Denied.

14.      Denied.

15.      Denied.

16.      Admitted in part and denied in part.   Admitted that RIO purchased materials from ESPRIT.   Denied that materials were natural quartz.   Denied that the terms of the purchase were established by or utilized the DAP arrangement.

17.      Denied.

18.      Admitted that RIO directed ESPRIT to send documents to the bank. Denied that the documents evidence an agreed-to "documents against payment" arrangement between the parties.

19.     Admitted in part and denied in part. Admitted that containers were shipped. Denied that the containers contained natural quartz. Denied that the attachments constitute evidence of the purchase and transaction terms.

20.     Admit that the documents speak for themselves. Denied that the attachments constitute evidence of the purchase terms.

21.     No response is required since the allegations of this paragraph are not directed toward RIO.   Alternatively, without knowledge and, therefore, denied.

22.     No response is required since the allegations of this paragraph are not directed toward RIO.   Alternatively, without knowledge and, therefore, denied.

23.     Admit that the documents speak for themselves. Denied that the attachments constitute evidence of the purchase terms and transaction as part of a "Document Against Payment" agreement.

24.     Admit that the documents speak for themselves. Denied that the attachments constitute evidence of the purchase terms.

25.     Admit that the documents speak for themselves. Denied that the attachments constitute evidence of the purchase terms.

26.     Admit that Defendant Bank of America released certain documents to allow RIO to obtain the shipped product.   The remaining allegations are denied.

27.     Admitted in part and denied in part.  Admitted that RIO took possession of the containers.   Denied that the containers contained natural quartz.

28.     Denied.

29.     Without knowledge and, therefore, denied.   After searching, RIO has been unable to locate such a writing.

3

30.     No response is required since the allegations of this paragraph are not directed toward RIO.    Alternatively, without knowledge and, therefore, denied.

31.     No response is required since the allegations of this paragraph are not directed toward RIO.   Alternatively, without knowledge and, therefore, denied.

32.     No response is required since the allegations of this paragraph are not directed toward RIO.   Alternatively, without knowledge and, therefore, denied.

33.     No response is required since the allegations of this paragraph are not directed toward RIO.   Alternatively, without knowledge and, therefore, denied.

34.     No response is required since the allegations of this paragraph are not directed toward RIO.   Alternatively, without knowledge and, therefore, denied.

35.     No response is required since the allegations of this paragraph are not directed toward RIO.   Alternatively, without knowledge and, therefore, denied.

36.     No response is required since the allegations of this paragraph are not directed toward RIO STONE.    Alternatively, without knowledge and, therefore, denied.

37.     No response is required since the allegations of this paragraph are not directed toward RIO.   Alternatively, without knowledge and, therefore, denied.

38.     No response is required since the allegations of this paragraph are not directed toward RIO.   Alternatively, without knowledge and, therefore, denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Without knowledge and, therefore, denied.

43.     RIO realleges its answers to Paragraphs 1- 42 above as if fully set forth herein.

44.     No response is required since the allegations of this paragraph are not directed toward RIO.

45.     No response is required since the allegations of this paragraph are not directed toward RIO STONE.

46.     No response is required since the allegations of this paragraph are not directed toward RIO STONE.

47.     No response is required since the allegations of this paragraph are not directed toward RIO.

48.     No response is required since the allegations of this paragraph are not directed toward RIO.

49.     No response is required since the allegations of this paragraph are not directed toward RIO.

50.     RIO realleges its answers to Paragraphs 1- 42 above as if fully set forth herein.

51.     No response is required since the allegations of this paragraph are not directed toward RIO.

52.     No response is required since the allegations of this paragraph are not directed toward RIO.

53.     Denied.

54.     No response is required since the allegations of this paragraph are not directed toward RIO.

55.     No response is required since the allegations of this paragraph are not directed toward RIO.

56.     No response is required since the allegations of this paragraph are not directed toward RIO.

57.     No response is required since the allegations of this paragraph are not directed toward RIO.

58.     No response is required since the allegations of this paragraph are not directed toward RIO.

59.     No response is required since the allegations of this paragraph are not directed toward RIO.

60.     No response is required since the allegations of this paragraph are not directed toward RIO.

61.     Admitted in part and denied in part. Admitted that RIO received shipping documents from Defendant Bank America.   Denied that any payment was due.

62.     No response is required since the allegations of this paragraph are not directed toward RIO.

63.     No response is required since the allegations of this paragraph are not directed toward RIO.

64.     No response is required since the allegations of this paragraph are not directed toward RIO.

65.     RIO realleges its answers to Paragraphs 1- 42 above as if fully set forth herein.

66.     No response is required since the allegations of this paragraph are not directed toward RIO.

67.     No response is required since the allegations of this paragraph are not directed toward RIO.

6

68.     No response is required since the allegations of this paragraph are not directed toward RIO.

69.     No response is required since the allegations of this paragraph are not directed toward RIO.

70.     No response is required since the allegations of this paragraph are not directed toward RIO.

71.     RIO realleges its answers to Paragraphs 1- 42 above as if fully set forth herein.

72.     Admitted in part and denied in part.  Admitted that RIO and ESPRIT formed a joint venture  Denied that Composite Exhibit "C" constitutes a written memorialization of the joint venture contractual terms.

73.     Denied.

74.     Denied.

75.     Admitted that RIO took possession of the shipment.   All remaining allegations of the paragraph are denied.

76.     Denied.

77.     Denied.

78.     RIO realleges its answers to Paragraphs 1- 42 above as if fully set forth herein.

79.     Admitted in part and denied in part.   Admitted that ESPRIT offered for sale goods. Denied that the goods in question were offered a specified price.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

7

84.     Denied

85.     Denied.

86.     Denied.

87.     RIO realleges its answers to Paragraphs 1- 42 above as if fully set forth herein.

88.     Admitted in part and denied in part.   Admitted that RIO and ESPRIT formed a joint venture.   Denied that Composite Exhibit "C" constitutes a written memorialization of the joint venture contractual terms.

89.     Denied.

90.     Denied.

91.     Admitted.

92.     Denied.

93.     RIO realleges its answers to Paragraphs 1- 42 above as if fully set forth herein.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     RIO realleges its answers to Paragraphs 1- 42 above as if fully set forth herein.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

## AFFIRMATIVE DEFENSES

Defendant, RIO STONE GROUP, INC ("RIO"), files its Affirmative Defenses and says:

**FIRST AFFIRMATIVE DEFENSE - FAILURE TO STATE A CLAIM**.   As to all claims, ESPRIT failed to state a cause of action as to the alleged event of default.

**SECOND AFFIRMATIVE DEFENSE - UNCLEAN HANDS**.   RIO has unclean hands.   ESPRIT delivered non-conforming and damaged goods. Thereafter, ESPRIT agreed to reduced terms and credits in future shipments to induce RIO to continue to order product from ESPRIT.   ESPRIT never provided to RIO invoices with reduced terms and credits.

**THIRD AFFIRMATIVE DEFENSE – ANTICPATORY BREACH / EXCUSE OF PERFORMANCE**.   ESPRIT committed an anticipatory breach by providing non-conforming and damaged product.   Based on ESPRIT's prior breach, RIO's performance under the agreement was excused and/or tolled.

## DEMAND FOR JURY TRIAL

Defendant/ Counter-Plaintiff demand trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Alex Finch*

_____

Alex Finch, Esquire
Fla. Bar No.: 949220
P.O. Box 915096
Longwood, FL 32791
Telephone: (321) 765-4973
Facsimile: (321) 765-4983
Email: afinch@gmail.com
Secondary Email:afinchlaw@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15h day of June, 2019 a true and correct copy of the

foregoing has been filed with the Clerk of the Court of the U.S. District Court via CM/ECF. I further certify that the foregoing document and the notice of electronic filing by first class mail to the following non-CM-ECF participants: N/A.

*/s/ Alex Finch*
_____
Alex Finch, Esquire
Fla. Bar No.: 949220
P.O. Box 915096
Longwood, FL 32791
Telephone: (321) 765-4973
Facsimile: (321) 765-4983
Email: afinch@gmail.com
Secondary Email:afinchlaw@aol.com