**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ESPRIT STONES PRIVATE LIMITED,

       **Plaintiff,**

v.                                **Case No:  6:19-cv-637-Orl-41LRH**

RIO STONE GROUP INC and BANK OF
AMERICA, N.A.,

       **Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**    **DEFENDANT'S, RIO STONE GROUP, INC.'S,**
> **UNOPPOSED MOTION TO VACATE JUDICIAL DEFAULT**
> **AND CLERK DEFAULT AND TO ALLOW LATE FILING**
> **OF DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND-**
> **AMENDED COMPLAINT AND INCORPORATED**
> **MEMORANDUM OF LAW (Doc. No. 61)**
>
> **FILED:**    **March 12, 2020**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.    BACKGROUND.

On April 2, 2019, Plaintiff Esprit Stones Private Limited instituted this action against

Defendants Rio Stone Group Inc and Bank of America, N.A.  Doc. No. 1.  Rio Stone Group

answered the complaint and asserted a counterclaim; Bank of America filed a motion to dismiss.

Doc. Nos. 24, 25.  On June 5, 2019, Plaintiff filed an amended complaint.  Doc. No. 29.  Rio

Stone Group answered the amended complaint and Bank of America again moved to dismiss.   Doc. Nos. 34, 38.

On November 8, 2019, the Court issued an Order to Show Cause requiring Plaintiff to show cause why the amended complaint should not be dismissed for lack of subject matter jurisdiction. Doc. No. 43.   Plaintiff responded to the Order to Show Cause and also sought leave of Court to file a second amended complaint to rectify its jurisdictional allegations.   Doc. Nos. 44, 45, 47.   The Court discharged the Order to Show Cause and granted Plaintiff leave to file a second amended complaint.   Doc. No. 48.   On December 2, 2019, Plaintiff filed its second amended complaint, which is the operative pleading in this case.   Doc. No. 49.   To date, Rio Stone Group has not filed an answer or other response to the second amended complaint.

Upon consideration of Bank of America's motion to dismiss,[1]  the Court denied the motion on February 19, 2020.   Doc. No. 51.   The same day, the Court also issued an Order directed to Rio Stone Group, noting that Rio Stone Group had failed to respond to the second amended complaint. Doc. No. 52.   Therefore, the Court ordered Rio Stone Group to respond to the second amended complaint on or before March 4, 2020.   *Id.*   The Court cautioned Rio Stone Group that "[f]ailure to do so may result in the imposition of sanctions, including entry of default, without further notice." *Id.*

Rio Stone Group failed to timely comply with the Court's directive, and on March 11, 2020, the Court entered an Order directing the Clerk to enter default against Rio Stone Group.   Doc. No. 59.   The Court found that despite its admonition, Rio Stone Group willfully failed to comply with

---

[1]  The Court noted that Plaintiff filed the second amended complaint solely to correct its jurisdictional allegations, and that nothing in the second amended complaint was substantively different than the first amended complaint.   Therefore, the Court declined to find Bank of America's motion to dismiss moot. Doc. No. 51, at 1 n.1.

the Court's Order and entry of default was warranted because "[a] lesser sanction would be insufficient to ensure compliance with Court Orders, to promote respect for the litigation process, and would be unfair to the other parties in light of their diligence in efficiently litigating this case." *Id.* at 2. The Court ordered that Plaintiff could move for default judgment against Rio Stone Group on or before March 25, 2020. *Id.*

On March 12, 2020, the Clerk entered default against Rio Stone Group pursuant to the Court's Order. Doc. No. 60. The same day, Rio Stone Group filed an Unopposed Motion to Vacate Judicial Default and Clerk Default and to Allow Late Filing of Defendant's Answer to Plaintiff's Second-Amended Complaint. Doc. No. 61. In the motion, Rio Stone Group asks the Court to vacate its March 11, 2020 Order (Doc. No. 59) and that the Clerk's default dated March 12, 2020 also be set aside (Doc. No. 60). *Id.* The motion states that neither Plaintiff nor Bank of America oppose the requested relief, and that Plaintiff has indicated that it will not seek default judgment against Rio Stone Group. *Id.* at 4, 8–9. The presiding District Judge referred the motion to the undersigned, and the matter is ripe for review.

## II.    APPLICABLE LAW.

As the Court previously noted:

> "[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi), an appropriate sanction may include entering a default "against the disobedient party." However, such a sanction "requires a willful or bad faith failure to obey a [court] order. Violation of a [court] order caused by simple negligence, misunderstanding, or inability to comply will not justify" the entry of a default. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (citation omitted). Furthermore, such a sanction "is an extreme remedy and should not be imposed if lesser sanctions will suffice." *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988) (per curiam).

Doc. No. 59.

Plaintiff asks the Court to vacate its Order directing that default be imposed as a sanction, Doc. No. 59, and vacate the Clerk's default thereafter entered upon order of the Court, Doc. No. 60. Although not cited in its response, Federal Rule of Civil Procedure 60(b) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding, for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ."  *See also Everything Divine Inc. v. O'Quinn*, No. 6:12-cv-1722-Orl-37DAB, 2014 WL 4354435, at \*1 (M.D. Fla. Aug. 20, 2014) (citations omitted) (applying Rule 60(b) to motion asking court to vacate default entered as sanction); *Royal Palace Hotel Assocs., Inc. v. Int'l Resort Classics, Inc*., 178 F.R.D. 595, 598 (M.D. Fla. 1998) (same). Matters under Rule 60(b) are "directed to the sound discretion of the district court."  *Griffin v. Swim–Tech Corp*., 722 F.2d 677, 680 (11th Cir. 1984).[2]

The United States Supreme Court set forth a four-factor test for courts to employ in determining whether a party's neglect of a deadline is excusable.  *See In Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382–83 (1993).  "These factors include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable

---

[2] Similarly, Rule 55(c) provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  "Good cause" is a liberal standard.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted).  Courts have considered the following non-exclusive factors in determining whether to set aside an entry of default: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the opposing party; (3) whether the defaulting party presents a meritorious defense; (4) whether there was significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default.  *Id.* (citations omitted).  "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."  *Id.* (citation omitted).  The Eleventh Circuit has repeatedly held that there is a strong policy in favor of resolving cases on the merits and that defaults are viewed with disfavor.  *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  Therefore, any doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief.  *Davis v. Parkhill Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962).

control of the movant, and (4) whether the movant acted in good faith." *Skinner v. Legal Advocacy Ctr. of Cent. Fla., Inc.*, No. 6:11-cv-1760-Orl-37KRS, 2012 WL 2814348, at \*5 (M.D. Fla. July 10, 2012) (citing *Pioneer*, 507 U.S. at 382–83). "Although some district courts in this circuit continue to deny Rule 60(b)(1) motions in which the movant relies on 'attorney negligence' to show 'excusable neglect,' the Eleventh Circuit's post-*Pioneer* precedent emphasizes that when deciding a Rule 60(b)(1) motion '[p]rimary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.'" *Id.* (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996)).

## III.   ANALYSIS.

In its motion, counsel for Rio Stone Group asserts that prior to the Order entering sanctions, he was unaware of the Court's February 19, 2020 Order or the deadlines set forth therein. Doc. No. 61 ¶ 4. Counsel explains that the Clerk of Court in Fort Myers recently changed his email address to a community email address used by himself and his staff. *Id.* ¶ 6. While the Court's February 19, 2020 Order was accessed by a member of counsel's law firm, it was not downloaded to firm files or calendared for response and compliance. *Id.* Counsel asserts that Rio Stone Group's failure to comply with the Court's Order was not in "any contumacious or willful disregard for this Court's order or its authority in this case." *Id.* ¶ 8. Counsel notes that to date, Rio Stone Group has complied with all Orders of the Court. *Id.* ¶ 9.

Counsel further asserts that he wrongfully believed that Rio Stone Group was not required to provide a new answer to the second amended complaint and could stand on its old pleading, as is the common practice in state courts. *Id.* ¶ 16. Counsel states that his inadvertent failure to comply with the Court's February 19, 2020 Order has not prejudiced any party or inhibited the progress of the case. *Id.* ¶ 17. In sum, the failure was not in disregard of the Court's Order, but rather due to

administrative and clerical error.  *Id.* ¶ 19.  Thus, counsel concludes that a sanction of default against Rio Stone Group is too severe on the facts of this case; if the Court deems sanctions appropriate, counsel asks the Court to place any sanction imposed directly on counsel rather than against Rio Stone Group.  *Id.* ¶¶ 20–21.  Both Rio Stone Group and its counsel "sincerely apologize to the Court for their errors and failure to comply with the Court's February 19, 2020 order."  *Id.* at 8.

Upon consideration of the representations of counsel for Rio Stone Group, and because neither Plaintiff nor Bank of America oppose the requested relief, it does not appear that there would be a danger of prejudice to any of the parties in setting aside the Court's sanctions order directing that default be entered against Rio Stone Group.  Moreover, Rio Stone Group sought relief from the Clerk's default against it on the same day it was entered, demonstrating that there was no unreasonably delay in seeking relief.   Nor does it appear that allowing Rio Stone Group to respond to the second amended complaint will negatively affect the efficiency of these proceedings, in particular because Bank of America just filed its answer to the second amended complaint on March 3, 2020, and discovery is open in this case until September 11, 2020.  Doc. Nos. 40, 55.  Finally, based on counsel's representations in the motion, there appears to be no basis to question that Rio Stone Group and its counsel are acting in good faith.

Based on the foregoing, I recommend a finding that Rio Stone Group has established excusable neglect in failing to comply with the Court's February 19, 2020 Order and good cause to set aside the entry of default against it.  *See Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (stating that an attorney's "'technical error or a slight mistake' . . . should not deprive the party of an opportunity to present the merits of his claim.'" (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980))); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th

Cir. 2014) (noting that the Eleventh Circuit has "a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible."). If the Court agrees, I respectfully recommend that the Court vacate its sanctions Order directing default to be entered against Rio Stone Group and direct the Clerk of Court to vacate the default entered against it.

## IV. RECOMMENDATION.

For the reasons stated herein, it is **RESPECTFULLY RECOMMENDED** that the Court **GRANT** Rio Stone Group, Inc.'s Unopposed Motion to Vacate Judicial Default and Clerk Default and to Allow Late Filing of Defendant's Answer to Plaintiff's Second-Amended Complaint (Doc. No. 61); **VACATE** its Order imposing default as a sanction against Rio Stone Group; **DIRECT** the Clerk of Court to vacate the default entered against Rio Stone Group; and **ORDER** Rio Stone Group to file its answer to the second amended complaint, within a time established by the Court.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on March 17, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record